UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Oriel Shaked,<br><br>            Plaintiff<br><br>v.<br><br>Westgate Las Vegas Resort, LLC,<br><br>            Defendant | Case No. 2:25-cv-02225-CDS-DJA<br><br>**Order Adopting the Magistrate Judge's Report and Recommendation**<br><br>[ECF Nos. 1, 4] |

      Plaintiff Oriel Shaked commenced this civil action against the Westgate Las Vegas Resort, LLC, by filing an application to proceed *in forma pauperis* (IFP) alongside his complaint. ECF Nos. 1, 1-1. United States Magistrate Judge Daniel J. Albregts reviewed Shaked's IFP application and complaint. In turn, Judge Albregts issued a report and recommendation (R&R) finding Shaked's IFP application "incomplete, contains certain contradictions, and ultimately demonstrates that he is able to pay the filing fee." R&R, ECF No. 4. He therefore recommends that I deny Shaked's IFP application and order Shaked to pay the $405 civil filing fee. *Id.* at 2. Judge Albregts also found Shaked's complaint is not signed. *Id.* Thus, he further recommends that I order Shaked to sign his complaint in order to proceed with this lawsuit. *Id.*

      Shaked had until November 28, 2025, to file any objections to the magistrate judge's R&R. *Id.* at 2–3 (citing Local Rule IB 3-2(a) (stating that parties wishing to object to the findings and recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). That deadline passed, and no objection is filed. The law is clear that "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Although de novo review is not required, I nonetheless conduct an independent review here. Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. However, the court may authorize the commencement of an action without prepayment of fees and costs by a person who submits an affidavit showing that the person is "unable to pay such fees." 28 U.S.C. § 1915(a)(1). Here, Shaked submitted the required application to proceed without prepaying fees or costs.[1] ECF No. 1. A review of that application reveals that there are inconsistencies. More notably, the amount Shaked spends on monthly recreation and entertainment shows that he can pay the filing fee and costs. *Id.* at 4 (showing $600.00 as the average monthly spent on recreation, entertainment, newspapers, magazines, etc.). Accordingly, Shaked has not sufficiently proven indigence and must pay the requisite filing fees.

Under Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Further, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the party's attention." *Id.* Here, Shaked failed to sign the complaint. Even so, I decline to strike it at this time because it is unclear whether Shaked received the magistrate judge's R&R containing a notification of the missing signature. The court's advisory letter was returned by the U.S. Postal Service as undeliverable—attempted not known. ECF No. 5. This means that Shaked also failed to update his address in accordance with Local Rule IA 3-1 (requiring parties to immediately file a written notification of any change of mailing address). Nonetheless, if Shaked intends to proceed with this lawsuit, then he must re-file his complaint to include his signature, current address, e-mail address, and telephone number pursuant to Fed. R. Civ. P. 11(a) by December 18, 2025.

---

[1] Shaked IFP application is unsigned and therefore does not qualify as the "affidavit" required by 28 U.S.C. § 1915(a)(1).

## Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 4] is accepted and adopted in its entirety**.

IT IS FURTHER ORDERED that Shaked's application to proceed *in forma pauperis* **[ECF No. 1] is denied**. Shaked must pay the $405 civil filing fee and refile his complaint—with his signature—by December 18, 2025. Shaked is warned that if he fails to pay the filing fee, and fails to timely submit a signed complaint, I will dismiss his complaint without prejudice and without further notice.

Dated: December 4, 2025

_____
Cristina D. Silva
United States District Judge

3